UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BONNIE BARD,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | NO. C10-5499-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Bonnie Bard appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

### I. FACTS AND PROCEDURAL HISTORY

At the time of her administrative hearing, plaintiff was a 36 year-old woman with a high school education. Administrative Record ("AR") at 27. Her past work experience includes employment as a retail cashier, photo shop technician, deli worker and sales person. AR at 20  On July 6, 2006, plaintiff filed a claim for SSI payments and an application for DIB,

REPORT AND RECOMMENDATION - 1

alleging an onset date of April 1, 2004. AR at 14. Plaintiff asserts that she is disabled due to irritable bowel syndrome, bipolar disorder, and panic disorder. AR at 16. Plaintiff also claims impairments of costochondritis and pain disorder.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 14. Plaintiff requested a hearing which took place on April 28, 2009. AR at 23-53. On June 16, 2009, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 14-22. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 6.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Bard bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At

step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.   DECISION BELOW

On June 16, 2099, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since April 1, 2004, the alleged onset date.

3. The claimant has the following severe impairments: irritable bowel syndrome (IBS); a bipolar disorder; and a panic disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can understand, remember, and carry out simple 2-3 step tasks; she has the average ability to perform sustained work activities; she can make judgments on simple, work-related decisions; respond appropriately to supervision, co-workers and work situations, and deal with changes within a routine work setting.  She should have no direct general public contact, but she can manage incidental public contact.  She needs occasional access to bathroom facilities normally found in the workplace outside the normal break times.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1973[2] and was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 5

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2004 through the date of this decision.

AR at 16-22.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err by failing to consider the impact of the combination of impairments not deemed severe by themselves?

2. Did the ALJ err by failing to include limitations found by State Agency reviewing psychologists?

3. Did the ALJ err in his treatment of the medical opinion of Dr. Reddy?

4. Should the ALJ be directed to consider a late-submitted psychological evaluation?

Dkt. No. 18 at 1-2.

## VII.   DISCUSSION

A. <u>The ALJ Erred by Failing to Account for the Impact of a Combination of "Non-Severe" Impairments</u>

The ALJ determined that plaintiff's only severe limitations were IBS, bipolar disorder, and panic disorder. AR at 16. Although the ALJ mentioned medical record notices of migraine headaches and stomach aches, he found there to be little evidence of these problems, yet stated that he took the non-severe impairments into account when determining the plaintiff's RFC. *Id*.

Plaintiff argues that the ALJ neglected to take into account several conditions not mentioned by the ALJ, including costochondritis (an inflammation of cartilage that connects a

rib to the breastbone), possibly related pectus excavatum deformity, flank pain, and chronic pain syndrome. Dkt. No 16 at 7-8.

The Commissioner argues that the symptoms were presented by a nurse, who is not an acceptable medical source, citing 20 C.F.R. §§404.1513(a) and 416.913(a)[3]. Dkt. No. 22 at 7-8. This argument fails because the diagnoses were identified by physicians. Ian Becke, M.D. diagnosed plaintiff with chronic costochondritis and pectus excavatum with possible contribution to pain. AR at 415. Dr. Reddy, M.D. opined "patient will have episodes of severe pain, constipation and diarrhea that might result in inability to perform job for days." AR at 282. As further support of Dr. Reddy's conclusions, Timothy Simmonds, M.D. wrote "you have been experiencing abdominal pain and dysfunction for several weeks requiring medical evaluation and treatment as well as multiple days where you were unable to attend college classes." AR at 283. Plaintiff's flank pain was so bad that at times she had to seek emergency room treatment. AR at 458, 456, 454-55, 354-55, 439.

As a fall back argument, the Commissioner argues that the ALJ's RFC properly takes the combination of these non-severe impairments into account. This, too, is incorrect. The ALJ found no physical limitations other than a need for proximity to a bathroom. On remand, the ALJ is directed consider the limiting effects of all of plaintiff's impairments.

B. On Remand, the ALJ Should Reevaluate the Limitations Expressed by Dr. Kuhner and Ascertain Whether Plaintiff's RFC is Consistent Those Limitations

In September 2006, plaintiff was evaluated by Dr. Kuhner, as part of the Washington State Disability Determination Service. AR at 264-67. He concluded that plaintiff "can understand, remember, and complete 1-2 step tasks. She can do complex tasks, but not regularly because she often has panic attacks. . . . [She] is often anxious around people. She needs to work away from the general public, but she is able to work with a supervisor and a

---

[3] Because this matter is being remanded, the ALJ is also directed to consider these "other source" opinions as well. See *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) and SSR 06-03.

few coworkers." AR at 266. The ALJ concluded that this assessment "was supported by a longitudinal objective review of the evidence and it merits fairly substantial weight." AR at 19.

Although the ALJ stated the opinion was entitled to fairly substantial weight, he assigned plaintiff an RFC that indicated plaintiff could "understand, remember, and carry out simple 2-3 step tasks" and that she could "respond appropriately to supervision, co-workers and work situations and deal with changes within a routine work setting. She should have no direct general public contact . . . Incidental public contact is not precluded." AR at 20. The issue before the Court on this assignment of error is whether the RFC is consistent with the opinions of Dr. Kuhner, upon which the ALJ based his RFC. The Commissioner argues that the RFC is not inconsistent with Dr. Kuhner's report, and even if it were, there would have been no change in the disability determination, and therefore harmless error. Dkt. No. 20 at 11-12. The problem is that there is no way to tell whether these changes would still permit plaintiff to act as a housekeeper or office helper at Step 5. The hypothetical asked of the vocational expert ("VE") was consistent with the ALJ's RFC determination, but not necessarily with the opinion of Dr. Kuhner. Because this matter is being remanded and because the remand will require a reevaluation of plaintiff's RFC, the ALJ should reevaluate Dr. Kuhner's opinion, and pose a hypothetical to the VE that accurately summarizes all of plaintiff's limitations.

   C. <u>On Remand, the ALJ Should Specifically Address Dr. Reddy's Opinion</u>

In November 2004, Dheeraj Reddy, M.D. opined that plaintiff "will have episodes of severe pain, constipation and diarrhea that might result in inability to perform job for days." AR at 282. The parties are in agreement that the ALJ failed to address Dr. Reddy's opinion. The Commissioner argues that this should be considered harmless error and proffers reasons not set forth in the ALJ"s opinion as to why Dr. Reddy's opinions should be dismissed. However, the ALJ is required to discuss reasons for rejecting a treating physician's opinion,

REPORT AND RECOMMENDATION - 8

and the Court may not affirm the ALJ's decision based on reasoning the ALJ did not cite. *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006). Because this matter is being remanded anyway, the ALJ is directed to evaluate or reevaluate the opinion of Dr. Reddy.

D. <u>On Remand, the ALJ Will Consider Dr. Neims Psychological Evaluation</u>

On May 19, 2009, plaintiff was psychologically evaluated by Daniel Neims, Psy. D. AR at 195-203. This was several weeks after her administrative hearing, but nearly a month prior to the date of the ALJ's decision. AR at 23, 22. Plaintiff argues that the new report is reason to remand for a new hearing.

Clearly, the ALJ did not err in failing to consider this evidence, as it was not before him when he issued his decision. Nevertheless, plaintiff wants the Court to consider it now in determining whether to reverse the ALJ's decision, and whether such reversal should be for an outright award of benefits or for further administrative proceedings. First, however, the Court must determine whether the Court properly may consider that evidence. Defendant, relying on the Ninth Circuit's decision in *Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir.2001), argues that this evidence is cumulative and that plaintiff has failed to make the necessary showing of good cause required for reversal of this matter.

In *Mayes,* the Ninth Circuit applied the standard set forth in 42 U.S.C. § 405(g) to determine whether to remand that case in light of additional evidence submitted to the Appeals Council. *Id.* at 461-62. Under that standard, to justify remand, the claimant must show that the additional evidence is both "new" and "material" to determining disability, and that he or she "had good cause for having failed to produce that evidence earlier." *Id.* at 462.

To be material under 42 U.S.C. § 405(g), "the new evidence must bear 'directly and substantially on the matter in dispute.' " *Id.* (citation omitted). In addition, the claimant must demonstrate a "reasonable possibility" that the new evidence "would have changed the outcome of the administrative hearing." *Id.* (citation omitted). To demonstrate "good cause," the claimant must show that the new evidence "was unavailable earlier." *Id.* at 463. The good

REPORT AND RECOMMENDATION - 9

cause requirement will not be met by "merely obtaining a more favorable report once his or her claim has been denied." *Id.*

In *Mayes*, the Ninth Circuit expressly held it had not decided whether good cause is required to review evidence submitted for the first time to the Appeals Council, or whether good cause is required only when such evidence is submitted for the first time to district court. *See id.,* at 461 n. 3.  The Court would not remand this case simply to consider the "new" evidence in light of the fact that plaintiff apparently had the report prior to the time of the decision and did not submit it to the ALJ.  Good cause to do so would not be present. Moreover, to do so would be to encourage game-playing and would result in little finality in decisions.  However, because this case is being remanded and because the evidence was before the Appeals Council, on remand the ALJ should consider the evaluation and make a determination as to the weight to be accorded to Dr. Neims assessment.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

DATED this 30th day of March, 2011.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge